### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

JON R. GRDINICH, *et al.*,       )
      Plaintiffs,         )
                          )
     v.                     )     CAUSE NO.: 2:18-CV-146-JVB-JEM
                          )
PLAN COMMISSION FOR THE TOWN   )
OF HEBRON INDIANA, *et al.*,     )
      Defendants.       )

### OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DE 11], filed by Defendants Plan Commission for the Town of Hebron, Indiana; Town of Hebron, Indiana; and Town Council for the Town of Hebron, Indiana on May 7, 2018. Plaintiffs Jon R. Grdinich, Tammy K. Grdinich, and JRG, LLC filed a response on June 20, 2018. Defendants filed a reply on June 27, 2018. For the reasons below, the Court dismisses one claim and stays the remainder of this cause of action.

### BACKGROUND

According to the Complaint, JRG, LLC, which is entirely owned by Jon Grdinich, purchased a two-acre property in 2015 for the purpose of constructing a home for the Grdiniches. Legal title was subsequently conveyed to the Grdiniches. The property contained a pre-existing pond, which had a marshy, mosquito-infested area. Jon Grdinich chose to improve the pond and improve drainage by clearing the overgrowth, excavating, and banking the pond. An application was submitted to the Army Corps of Engineers for approval. Approval was given in February 2015. Jon Grdinich then sought approval from the Town of Hebron. Jon Grdinich submitted all necessary applications and materials pursuant to Defendants' procedures as explained to him by Hebron officials. The Town of Hebron issued a permit to Jon Grdinich.

During construction, the Town of Hebron regularly inspected and observed the construction of the house and the pond improvements. The Grdiniches moved to the property on September 15, 2015, after being issued a Certificate of Occupancy. Approximately seven months later, the Grdiniches were issued a building violation for violation of Ordinance Number A, Article 2, 2-2-11 § 13. This ordinance does not exist. The violation notice said that the property must be returned to its original grade within 90 days. The violation notice did not notify the Grdiniches of their appeal rights. A subsequent letter from the president of the Hebron Plan Commission to the Grdiniches clarified that the Commission considered the pond to be not permitted.

Plaintiffs allege that Defendants violated Plaintiffs' constitutional rights by taking private property without just compensation in violation of the Fifth Amendment, by violating Plaintiffs' procedural and substantive due process rights, by violating Plaintiffs' equal protection rights. Plaintiffs seek injunctive and declaratory relief. Plaintiffs also allege that estoppel should prevent Defendants from taking action regarding Plaintiffs' pond.

On November 21, 2016, the Plan Commission for the Town of Hebron filed a complaint in Porter County, Indiana, Superior Court against Jon Grdinich and JRG, LLC, seeking a court order requiring Grdinich and JRG, LLC to remove the pond. On January 19, 2017, Jon Grdinich and JRG, LLC filed counterclaims and third party claims against the Plan Commissioner, the Town of Hebron, and the Town of Hebron Town Council.

## ANALYSIS

Defendants ask the Court to dismiss Plaintiffs' complaint because res judicata bars this lawsuit and, alternatively, because the *Colorado River* abstention doctrine counsels that this case should be stayed or dismissed. Defendants state that Plaintiffs filed a counterclaim and third party complaint in the Porter County state court case with identical claims to the instant lawsuit and that

2

the counterclaim and third party complaint were dismissed. Subsequent to the filing of Defendants'

motion, the Indiana Court of Appeals reversed the dismissal of five counts in the counterclaim and

third party complaint. *See Grdinich v. Plan Comm'n for Town of Hebron*, 120 N.E.3d 269 (Ind.

Ct. App. 2019). Those counts remain pending in Porter County Superior Court. *See* Docket, *Plan

Comm'n for the Town of Hebron, Indiana v. JRG, LLC*, No. 64D01-1611-PL-010626 (Porter Cty.

Super. Ct. Nov. 21, 2016).

Though Defendants invoke Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss

due to res judicata is properly brought under Rule 12(b)(6) for failure to state a claim upon which

relief can be granted. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008) ("It is true that

res judicata is not one of the affirmative defenses that Rule 12(b) permits to be made by motion

rather than in the answer to the complaint. But when an affirmative defense is disclosed in the

complaint, it provides a proper basis for a Rule 12(b)(6) motion.").

Likewise, an argument that a case should be dismissed or stayed under *Colorado River

Water Conservation District v. United States*, 424 U.S. 800 (1976), is not an argument for a finding

that there is no subject matter jurisdiction over the case. Instead, under *Colorado River*, a court

may, in certain circumstances, decline to exercise jurisdiction that it properly has. *See id.* at 820

("We emphasize, however, that we do not overlook the heavy obligation to exercise jurisdiction.

. . . But the opposing factors here . . . justify the District Court's dismissal in this particular case.").

Plaintiffs allege that Defendants violated 28 U.S.C. § 1983. The Court has federal question

subject matter jurisdiction over federal claims and supplemental jurisdiction over any state law

claims. Being assured of its subject matter jurisdiction, the Court now turns to Defendants'

arguments in favor of dismissing or staying this case.

### A. Res Judicata

"Res judicata, or claim preclusion, bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (quotation marks and citation omitted).

The superior court judge in the state court proceeding dismissed the seven-count Second Amended Counterclaim and Third Party Complaint. *Plan Comm'n for the Town of Hebron, Ind. v. JRG LLC*, No. 64D01-1611-PL-10626 (Porter Super. Ct. Apr. 5, 2018). However, the Indiana Court of Appeals reversed the dismissal of Counts 1-4 and 7. *Grdinich v. Plan Comm'n for Town of Hebron*, 120 N.E.3d 269, 280 (Ind. Ct. App. 2019). These counts remain pending on remand to the superior court. *See* Docket, *Plan Comm'n for the Town of Hebron, Ind.*, No. 64D01-1611-PL-10626.

Final judgment has been entered as to Counts 5 and 6 of the state court action. Count 5 alleges that Defendants' actions in running an underground storm drainage line through the Grdiniches' property constitutes a taking. Count 6 requests declaratory judgment that Jon Grdinich exhausted his administrative remedies.

It appears that Plaintiffs have brought the claim regarding the storm drainage line in their federal complaint. *See* (Compl. ¶¶ 91-101, 103, 107, ECF No. 1). The claim for declaratory judgment regarding administrative remedies was not brought in the federal complaint. Thus, the only claim from the state court proceeding that was brought in this proceeding and against which there is a final judgment is the claim regarding the storm drainage line.

"Two claims are one for the purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Czarniecki v. City of Chi.*, 633 F.3d 545, 550 (7th Cir. 2011)

(quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1992)). Paragraphs 91-101 of the federal complaint, which are the factual allegations regarding the storm drainage line, are nearly identical to paragraphs 130-140 of the Second Amended Counterclaim and Third Party Complaint filed in the state court suit. Plaintiffs present no argument that the two claims are different. The Court finds that identity of claims exists.

Jon Grdinich and JRG LLC are parties to the state court lawsuit. In this federal lawsuit, Tammy Grdinich (Jon's spouse) is also a party. Defendants contend that the spouses have identical interests in the property, so identity of parties should be found. Plaintiffs do not provide a counterargument. By default, the purchase of real estate by a married couple "creates an estate by the entireties in the husband and wife. The interest of neither party is severable during the marriage." Ind. Code § 32-17-3-1. Having no evidence or argument to the contrary, the Court finds that the Grdiniches are tenants in the entirety of the property at issue. Because "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who [wa]s a party to the suit," *Baltimore Cty. v. AT&T Corp.*, 735 F. Supp. 2d 1063, 1078 (S.D. Ind. 2010) (alteration in original) (internal quotation marks omitted) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)), the Court finds that Tammy Grdinich was adequately represented by her spouse in the state court lawsuit and can be bound by the judgment in that case.

The Indiana Court of Appeals affirmed the dismissal of the storm drainage line claim for failure to state a claim upon which relief can be granted. *Grdinich*, 120 N.E.3d at 280. Such a dismissal is governed by Indiana Trial Rule 12(b)(6). "A Trial Rule 12(B)(6) 'dismissal becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint.'" *Hartig v. Stratman*, 729 N.E.2d 237, 239 (Ind. Ct. App. 2000) (quoting *Platt v. State*, 664 N.E.2d 357, 361 (Ind. Ct. App. 1996)). Grdinich appealed, so the

judgment on the storm drainage line count is on the merits. As noted above, it is a final judgment, so the final element of res judicata is met. Accordingly, the Court dismisses the storm drainage line claim due to res judicata.

## B. *Colorado River* Abstention

*Colorado River* abstention "permits federal courts to defer to a 'concurrent state proceeding' as a matter of 'wise judicial administration.'" *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497 (7th Cir. 2011) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 818). The abstention serves the purposes of conserving judicial resources and preventing inconsistent results, and the discretion to dismiss or stay a case under this abstention should only be exercised in "exceptional circumstances." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014).

The *Colorado River* analysis has two parts. First, the Court determines whether the state and federal cases are parallel. Then, if the cases are parallel, the Court weighs several non-exclusive factors to determine whether to defer to the state court proceeding. *Id.*

### 1.    *Parallelism of the Cases*

Formal identity of the cases is not needed for the cases to be parallel, but rather "substantially the same parties" must be "contemporaneously litigating substantially the same issues in another forum." *Id.* at 1019 (quoting *Interstate Material Corp. v. City of Chi.*, 847 F.2d 1285, 1288 (7th Cir. 1988). There should be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case," *id.* at 1018 (quoting *Lumen Const., Inc. v. Brant Const. Co.*, 780 F.2d 691, 695 (7th Cir. 1985), and the Court should "examine whether the cases raise the same legal allegations or arise from the same set of facts." *Id.* at 1019.  Doubts as to parallelism are resolved in favor of exercising jurisdiction. *Id.*

Plaintiffs contend that the two cases are not parallel for two reasons. First, Plaintiffs assert that the alleged violations of their Fifth and Fourteenth Amendment rights are broader in the federal suit than in the state suit. Plaintiffs argue that the dismissal of claims in the state court proceeding show that matters raised in this litigation "were not even addressed" by the state court. (Resp. 11, ECF No. 19). Specifically, Plaintiffs identify allegations that Defendants' continued representations, issuance of the building permit and certificate of occupancy, and failure to otherwise object induced Plaintiffs to proceed with alterations to the pond on the property. However, the state court order of dismissal was reversed except as to Count 5 (which led to the res judicata dismissal of the storm drainage claim) and Count 6 (which was not brought in this litigation). Thus, the now-reversed dismissal of claims in state court does not inform the Court's analysis.

Next, Plaintiffs maintain that the cases are not parallel because Plaintiffs seek relief under 28 U.S.C. § 2201 in this action and not the state action. Section 2201 provides that a federal court can issue a declaratory judgment. In their federal complaint, Plaintiffs seek a declaratory judgment that Defendants' conduct regarding Plaintiffs' pond is unconstitutional and that the pond does not violate any Town of Hebron ordinance. (Compl. ¶ 138, ECF No. 1). In the state court pleading, Plaintiffs request, among other relief, declaratory judgment that the pond does not violate the Town of Hebron zoning ordinance listed on the violation and judgment (and damages) in Plaintiffs' favor for Defendants' allegedly unconstitutional actions regarding the pond. *See* 2d Amd. Countercl. & Third Party Compl. *Plan Comm'n for the Town of Hebron, Ind. v. JRG LLC*, No. 64D01-1611-PL-10626, ¶¶ 80, 128 (Porter Super. Ct. Apr. 5, 2018). The mere fact that the federal statute authorizing declaratory relief in federal court does not apply to state court proceedings is insufficient to render unparallel requests for relief that are identical in substance, though not in

form. Here, state court resolution on the requested declaratory judgment that the pond does not violate the zoning ordinance and the requested judgment regarding Defendants' allegedly unconstitutional actions would dispose of the requested relief that Plaintiffs identify as being present here but not in the state court suit.

In general, the state and federal cases turn on the same legal questions applied to the same set of facts, to wit, whether the pond violates Town of Hebron ordinances and whether Defendants' attempts to enforce the ordinances violated Plaintiffs' constitutional rights. The parties are substantially the same. As noted above, Tammy Grdinich, as a tenant in the entirety, has the same interests as Jon Grdinich in the state court suit, so her addition to the federal suit as a party is of no consequence. It is substantially likely that resolution of the state court claims will dispose of all of the claims in this lawsuit, and these cases are parallel.

 2.    *Factors Weighed for* Colorado River *Abstention*

Having found the cases parallel, the Court proceeds to look at the non-exclusive factors that govern whether abstention is proper. The factors are:

 (1) whether the state has assumed jurisdiction over property;
 (2) the inconvenience of the federal forum;
 (3) the desirability of avoiding piecemeal litigation;
 (4) the order in which jurisdiction was obtained by the concurrent forums;
 (5) the source of governing law, state or federal;
 (6) the adequacy of state-court action to protect the federal plaintiff's rights;
 (7) the relative progress of state and federal proceedings;
 (8) the presence or absence of concurrent jurisdiction;
 (9) the availability of removal; and
 (10) the vexatious or contrived nature of the federal claim.

*Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). No single factor is determinative of the analysis, and all factors must be weighed. *Id.* (citing *Colorado River Water Conservation Dist.*, 424 U.S. at 818-19; *AAR Int'l Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)). The Court will address each factor below.

8

No property is involved over which the state court assumed jurisdiction. This does not weigh in favor of abstention.

The Hammond Division of the Northern District of Indiana is about 35 miles and about a 40 to 45 minute drive from the Town of Hebron. The Porter County Superior Court in Portage, Indiana, is about 18 miles and about a 30 minute drive from the Town of Hebron. Thus, the federal forum is marginally more inconvenient than the state forum, and this nominally weighs in favor of abstention.

The desirability of avoiding piecemeal litigation is high. This factor considers judicial economy and efficient use of judicial resources; duplication of effort between the state and federal courts is not ideal. *Freed*, 756 F.3d at 1022. Further, the risk of inconsistent rulings is considered, as such inconsistencies could undermine the public perception of both judiciaries' ability to achieve just conclusions to litigation. *Id.* Here, allowing the federal case to proceed would cause piecemeal litigation. Further, all of the initial steps that would be needed in this case, such as the discovery process, are already under way in the state court case. Allowing this case to move forward in federal court would not promote judicial economy. This factor weighs strongly in favor of abstention.

The state court case was initiated on November 21, 2016. Jon Grdinich and JRG, LLC filed the initial counterclaim and third party complaint on January 19, 2017. The federal complaint was filed on April 12, 2018—two days after the state court dismissed the Second Amended Counterclaim and Third Party Complaint. The state court obtained jurisdiction over the matters at issue here before the federal court did, and the state court reached an initial (though now reversed) resolution of those claims before the federal complaint was filed. This, too, weighs strongly in favor of abstention.

Defendants state that the federal complaint is governed by state and federal law. Plaintiffs counter that the federal complaint is governed only by federal law. No party provides any analysis. The constitutional claims brought under 28 U.S.C. § 1983 are governed by federal law. Whether the pond violates Town of Hebron ordinances—a matter over which declaratory relief is sought— is a question of state law. There is no statement from either party regarding whether the equitable estoppel claim is governed by state or federal law. However, there is at least some authority to support that equitable estoppel is only a defense and there is no such thing as a claim for equitable estoppel, s*ee Peters v. Gilead Scis., Inc.*, 533 F.3d 594, 598 n.5 (7th Cir. 2008), and Indiana promissory estoppel sounds only in contract, not tort, *see Jones v. City of Lawrenceburg*, No. 4:14-cv-99, 2018 WL 3630283, at * 4 (S.D. Ind. July 31, 2018). Plaintiffs have not specified a basis for a federal promissory estoppel claim or a contract to support a state law claim. Accordingly, the Court does not take the purported claim for estoppel into account for this factor. The court deciding the matters raised in the federal complaint will have to look at both state and federal law in rendering its decision, with the federal claims appearing to comprise a more substantial part of the necessary analysis. This factor weighs somewhat against abstention.[1]

The state court is able to protect Plaintiffs' rights. None of the substantive claims are matters of the federal court's exclusive jurisdiction. Though Plaintiffs cite to the federal declaratory judgment statute, declaratory judgment is a remedy available in state court. Further, Plaintiffs first filed their claims in the state court action, which can be construed as their acquiescence to the state court resolving their claims. This factor weighs in favor of abstention.

As noted above, the state court case was initially decided on a motion to dismiss, then went to the appellate court, then returned to the trial level court. Discovery has begun, and there is a

---

[1] Even if it were clear that the estoppel claim Plaintiffs bring sounded in federal law, this would not change the Court's ultimate decision that *Colorado River* abstention is proper, given the factors that weigh strongly in favor of abstention.

pending motion for summary judgment, although it is unclear from the docket whether the motion encompasses the counterclaim and third party complaint. Plaintiffs' claims had been before the state court for over a year before Plaintiffs filed their complaint in federal court. This factor weighs in favor of abstention.

Both parties agree that there is concurrent state and federal jurisdiction, so this factor does not weigh against abstention.

Removal was not available in the state court action, but direct filing of the claims in federal court was, as the counterclaim and third party complaint brought claims under federal law. The unavailability of removal counsels against abstention, but it is mitigated by the availability of directly filing the claims in federal court.

It is telling that Plaintiffs initiated this lawsuit two days after the state court dismissed the Second Amended Counterclaim and Third Party Complaint. The availability of state court and federal court systems is not intended to permit a litigant to first try one judiciary and then, if it does not receive the desired result, to pursue relief in the other judiciary. The timing of Plaintiffs' actions smells of gamesmanship and ought not be encouraged. The mere availability of bringing all claims in the associated state court proceeding weighs in favor of abstention, *see Freed*, 756 F.3d at 1024, so the final factor—the vexatious or contrived nature of the federal claim—weighs all the more strongly in favor of abstention in light of Plaintiffs' apparent attempt to manipulate the system to avoid unfavorable rulings.

On the facts presented, two factors (jurisdiction over property and concurrent jurisdiction) have no significant bearing on the Court's decision, two factors (source of governing law and availability of removal) counsel against abstention, one factor (forum inconvenience) nominally supports abstention, two factors (adequacy of state court action and relative progress) support

abstention, and three factors (piecemeal litigation avoidance, order of jurisdiction, and vexatious or contrived nature) strongly support abstention. Taken as a whole, the Court finds that *Colorado River* abstention is proper and grants Defendants' motion.

The Seventh Circuit Court of Appeals has indicated a strong preference for stays instead of dismissal when a court, pursuant to *Colorado River*, declines to exercise jurisdiction. *Adkins*, 644 F.3d at 503 n.9. This eliminates potential statute of limitations issues if the state proceeding does not result in a judgment on the merits. *Id.* Therefore, the Court will issue a stay under the *Colorado River* abstention doctrine.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss [DE 11]. The Court **DISMISSES** the storm drainage line claim. The Court **STAYS** the remainder of this case.

The Court **ORDERS** the parties to submit a status report within thirty days of final resolution of the state court case.

SO ORDERED on July 9, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT